IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADRIAN PRADO-BERGANTINO,

       Petitioner,

v.                                 CASE NO. 5:12-cv-172-MP-GRJ

DEPARTMENT OF HOMELAND
SECURITY, et al.,

       Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and is proceeding pursuant to an Amended Petition, Doc. 4. At the time the Petition was filed, Petitioner was confined at Gulf C.I., in the custody of the Florida Department of Corrections (DOC). Petitioner contends that he is a Mariel Cuban who is subject to an Immigration and Customs Enforcement (ICE) detainer that prevents the DOC from reducing his custody classification. Petitioner seeks removal of the detainer by the DOC. The Petition reflects that Petitioner is pursuing relief from the detainer through ICE. Doc. 4.

Because Petitioner is challenging his conditions of confinement, rather than the fact or duration of his imprisonment, his claims are not cognizable in habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Further, a review of the DOC website reflects that Petitioner was released from custody on September 25, 2012, and has a stated residence in Kissimmee, Florida. Therefore, any effect of the ICE detainer upon Petitioner's custody classification within the DOC is moot. Petitioner has failed to advise the Court of his release or provide the Court with any change of address.

Because Petitioner states that he is pursuing relief from the detainer with the ICE, the Court does not construe the instant Petition as seeking such direct relief. Even if he were seeking such relief, this Court would not possess subject-matter jurisdiction over the Petition. A prisoner in state or federal prison cannot challenge an ICE detainer by means of a section 2241 habeas petition because the filing of a detainer against Petitioner with the DOC by ICE does not create custody supporting habeas corpus jurisdiction. *See, e.g., Belasco v. Snyder*, No. 99-3334, 2000 WL 227990, at *1 (8th Cir. Feb. 15, 2000)(*per curiam*)(noting "[w]e conclude that the filing of a detainer with federal prison officials, merely notifying them that the INS will in the future make a decision regarding [petitioner's] deportation does not create custody supporting habeas corpus jurisdiction"); *Ramirez v. I.N.S.*, 30 Fed. Appx. 510, 511 (6th Cir. 2002)(*per curiam*).

This Court also would lack subject-matter jurisdiction over the Petition even if Petitioner were already in ICE custody. The immigration code plainly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the immigration code]." 8 U.S.C. § 1252(g). While the statute creates an exception for "constitutional claims or questions of law," jurisdiction to review such claims is vested exclusively in the courts of appeals and can be exercised only after the alien has first exhausted his administrative remedies. *See id.* § 1252(a)(2)(D), (a)(5), (b)(4), (d).

Petitioner would only be able to seek relief by means of a writ of habeas corpus in this Court in a very limited set of circumstances, such as if Petitioner was indefinitely

detained after removal proceedings against him had concluded, where the government had unreasonably delayed initiating removal against Petitioner, or where the government had punitively detained Petitioner independent of removal. *Clark v. Martinez*, 543 U.S. 371, 379 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Demore v. Kim*, 538 U.S. 510, 528-29 (2003); *Wong Wing v. United States*, 163 U.S. 228, 237 (1896).   None of the very limited circumstances in which a district court may exercise jurisdiction over a petition of habeas corpus by someone in ICE custody are presented in the instant Petition.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** this cause be **DISMISSED WITHOUT PREJUDICE as moot, for failure to prosecute, and for lack of jurisdiction.**

**IN CHAMBERS** this 8th day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**